FILED
CLERK
10 JAN 29 AM 11:3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITAL ONE, N.A., AS SUCCESSOR IN INTEREST TO NORTH FORK BANK,<br><br>Plaintiff,<br>v.<br><br>ABRAHAM LESER AND EDITH LESER,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>ROSS, J.<br>BLOOM, M.J. |

Plaintiff, Capital One, N.A., by and through its attorneys, McCarter & English, LLP, by way of Complaint against the Defendants Abraham Leser and Edith Leser, states:

**THE PARTIES**

1. Plaintiff, Capital One, N.A. ("Capital One"), a national banking association with its main offices located at 1680 Capital One Drive, McLean, Virginia, 22102, by virtue of 28 U.S.C. § 1348, is a citizen of the State of Virginia.

2. Defendant Abraham Leser is an individual having an address of 1481 47th Street Brooklyn, New York, 11219. He is a citizen of the State of New York.

3. Defendant Edith Leser is an individual having an address of 1481 47th Street Brooklyn, New York, 11219 (collectively with Abraham Leser, the "Borrowers"). She is a citizen of the State of New York.

ME1 9506513v.1

## JURISDICTION

4. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because the Borrowers reside in this District and are subject to personal jurisdiction in this District.

## FIRST COUNT
(Judgment on the Note)

6. Attached is a true copy of a Promissory Note (the "Note") executed by Abraham Leser in favor of North Fork Bank. See Exhibit A.

7. Attached is a true copy of the Note executed by Edith Leser in favor of North Fork Bank. Id.

8. Capital One is a successor in interest to North Fork Bank.

9. By the terms of the Note, all sums were due to Capital One on December 7, 2008 (the "Original Maturity Date").

10. By letter dated August 22, 2009, a copy of which is attached as Exhibit B, the Original Maturity Date was extended to June 7, 2009.

11. Pursuant to the terms of the Note, Capital One is owed default interest on and after the occurrence of a default until the entire principal has been fully paid.

12. Pursuant to the terms of the Note, Borrowers are required to pay Capital One's attorneys' fees incurred with respect to the enforcement of the Note or any other document or instrument given to Capital One.

13. On June 7, 2009, the Note matured and the remaining unpaid principal and accrued interest became due to Capital One.

14. The Borrowers failed to pay the remaining unpaid principal and accrued interest

in accordance with the Loan Documents.

15. By letter dated October 16, 2009, the Borrowers were advised of their defaults including, among other things, their failure to pay all sums due under the Loan Documents on or before June 7, 2009.

16. Borrowers are obligated to Capital One in the principal amount of $1,300,000, together with all other sums due including, without limitation, contract interest, default interest and recovery of attorneys' fees.

**WHEREFORE**, Plaintiff, Capital One, N.A., as successor in interest to North Fork Bank, demands that Judgment be entered in its favor and against Defendants Abraham Leser and Edith Leser, jointly and severally, for all sums due under the Promissory Note, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

## SECOND COUNT
(Breach of Contract under the Note)

24. Capital One repeats and realleges the allegations of the First Count of this Complaint as if set forth more fully herein.

25. The Note constitutes a valid and binding contract between the parties pursuant to which, among other things, Capital One agreed to lend money or otherwise extend financial accommodations to the Borrowers in exchange for repayment of the Loan in accordance with the terms of the Loan Documents.

26. Capital One extended funds to the Borrowers in accordance with the terms of the Loan Documents.

27. Borrowers' failure to pay the sums due under the Loan Documents, as more fully set forth above, constitutes a breach of contract.

28. Capital One has been damaged as a result of the Borrowers' breach of contract.

**WHEREFORE**, Plaintiff, Capital One, N.A., as successor in interest to North Fork Bank, demands that Judgment be entered in its favor and against Defendants Abraham Leser and Edith Leser, jointly and severally, for compensatory damages, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

Dated: January 28, 2010

          McCARTER & ENGLISH, LLP
          Attorneys for Plaintiff,
          Capital One, N.A., as Successor in Interest to North Fork Bank

By: _____
          Joseph Lubertazzi, Jr. (3798)
          A Member of the Firm

          245 Park Avenue, 27th Floor
          New York, New York 10167
          (212) 609-6800
          Jlubertazzi@mccarter.com

          -and-

          Four Gateway Center
          100 Mulberry Street
          Newark, New Jersey 07102
          (973) 622-4444

ME1 9506513v.1

4

## NORTH FORK BANK
## PROMISSORY NOTE

**BORROWER:** Abraham & Edith Leser

**PRINCIPAL:** $3,000,000.00                                            **DATE:** As of December 7, 2007

**PROMISE TO PAY:** The undersigned, jointly and severally if more than one signer, does hereby promise to pay to the order of NORTH FORK BANK, A DIVISION OF CAPITAL ONE N.A. (the "Bank") at its offices at 275 Broadhollow Road, Melville, New York 11747, or at any of its branches, the sum of **THREE MILLION AND 00/100 ($3,000,000.00) DOLLARS** or the aggregate unpaid principal amount of all advances made to the undersigned by the Bank, whichever is less, plus interest thereon, from the date hereof in the manner set forth below.

**RATE AND PAYMENT:** The unpaid principal balance hereunder shall bear interest at the rate of the Bank's Prime Rate plus one half of one (1/2%) percent per annum (the "Rate"). Interest shall be payable monthly beginning on January 1, 2008 and on the first (1st) day of each month thereafter until December 7, 2008, when all unpaid principal and interest shall be due in full. All interest payments shall be made by automatic debit on the payment dates from account number ■■■■8905 or other account maintained at the Bank in which Borrowers shall maintain balances sufficient to pay the monthly interest payments. Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment is to be made under this Note shall be stated to be due on a Sunday or a public holiday or the equivalent for banks generally under the laws of the State of New York (any other day being a "Business Day"), such payment may be made on the next succeeding Business Day, and such extension of time shall in such case be included in the computation of payment of interest.

Payments shall be applied first to interest on unpaid principal balances to the date payment is received by the Bank and then to reduction of principal. If the interest rate is based on the Bank's announced Prime Rate, the interest rate shall change when the Prime Rate changes and nothing herein shall prevent the Bank from loaning money at less than prime on such terms and conditions as it deems advisable. Interest shall be calculated on a 360-day year and actual number of days elapsed.

**GRID NOTE:** This is the promissory note referenced to in the Advised Line of Credit Letter (the "Letter") dated February 5, 2008 and shall be governed by the terms thereof. The Borrowers may borrow, repay in whole or in part, and re-borrow on a revolving basis aggregate amounts up to $3,000,000.00 subject to the provisions of the Letter. However, the Bank reserves the right to make or decline any request for an advance in its sole discretion and may condition the availability of an advance upon, among other things, the maintenance of a satisfactory financial condition. The date and amount of each advance made and each payment of principal received by the Bank hereunder shall be recorded and entered on the books and records of the Bank, which shall, in absence of manifest error, be presumptive evidence as to the outstanding principal amount due hereunder; provided, however, that the failure to record any advance or repayment shall not limit or otherwise affect the obligation of Borrower under this Note. Not withstanding anything to the above to the contrary, the Borrower will repay all outstanding principal so that the balance outstanding shall be $0.00 for a period of no less than thirty (30) consecutive days prior to the maturity date.

Abraham & Edith Leser   Promissory Note /Page 2
February 5, 2008

**PREPAYMENT:** Prepayment in whole or in part may be made at any time without penalty. Any prepayment will be applied in inverse order of maturity and will not defer the payment schedule.

**DEFAULT INTEREST RATE:** The unpaid principal sum under this Note shall bear interest at a rate equal to twenty-four (24%) per centum on and after the occurrence of any event of default and until the entire principal sum hereof has been fully paid, both before and after the entry of any judgment with respect to such event, but in no event shall the rate either before or after the occurrence of an event of default exceed the highest rate of interest, if any, permitted under applicable New York or Federal Law.

**SECURITY:** This Note is secured by a security interest in and assignment and pledge of all monies, deposits, or other sums now or hereafter held by the bank on deposit, in safekeeping, transit or otherwise, at any time credited by or due from Bank to the undersigned, or in which the undersigned shall have an interest.

**RIGHT OF OFFSET:** If any payment is not made on time, or if the entire balance becomes due and payable and is not paid, all or part of the amount due may be offset out of any account or other property which the Borrower has at the Bank or any affiliate of the Bank without prior notice or demand. This provision is in addition to any not in limitation of any of the Bank's rights by statute or at common law.

**LATE CHARGES:** Borrower will pay a charge of four (4%) percent of the amount which cannot be debited from its account due to insufficient balance on the debit date.

**DEFAULT:** The Bank may decline to make advances and/or may declare the entire unpaid balance of the Note due and payable on the happening of any of the following events:
    (a) Failure to pay any amount required by this Note when due, or any other obligation owed to the Bank by Borrower or any Guarantor, or failure to have sufficient funds in its account for loan payments to be debited on the due date;
    (b) Failure to perform or keep or abide by any term, covenant or condition contained in this Note, the Letter, or any Guaranty or any other document given to the Bank in connection with this loan;
    (c) The filing of a bankruptcy proceeding, assignment for the benefit of creditors, issuance of a judgment execution, garnishment, or levy against, or the commencement of any proceeding for relief from indebtedness by or against the Borrower or any Guarantor;
    (d) The happening of any event which, in the judgment of the Bank, adversely affects Borrower's or any Guarantor's ability to repay or the value of any collateral; or
    (e) If any written representation or statement made to the Bank by Borrower or any Guarantor is untrue.
    (f) If any written representation, covenant or warranty made to the Bank by Borrower or any Guarantor is breached.
    (g) The occurrence of a default under the Letter, any Guaranty, or any other document or instrument given to the Bank in connection with the loan;
    (h) The death or inability to manage the affairs of any individual Borrower or Guarantor;
    (i) Failure to provide any financial information on request or permit an examination of books and records.

**ATTORNEYS FEES:** In the event the Bank retains counsel with respect to enforcement of this Note or any other document or instrument given to the Bank, the undersigned agrees to pay the Bank's reasonable attorneys fees (whether or not an action is commenced and whether or not in the court of original jurisdiction, appellate court, bankruptcy court, or otherwise).

Abraham & Edith Leser  
February 5, 2008

Promissory Note /Page 3

**MISCELLANEOUS:** Delay or failure of the Bank to exercise any of its rights under this Note shall not be deemed a waiver thereof. No waiver of any condition or requirement shall be binding unless in writing and no such written waiver shall operate as a waiver of any other or subsequent condition or requirement. The Bank or any other holder of this Note does not have to present it before requiring payment. The Borrower waives trial by jury, offset and counterclaim with respect to any action arising out of or relating to this Note. This Note may not be modified or terminated orally. This Note shall be governed by the laws of the State of New York without regard to its conflict of laws rules. The Borrower irrevocably consents to the jurisdiction and venue of the New York State Supreme Court, Suffolk County in any action concerning this Note. The Bank may accept partial payments marked "in full" without waiving any of its rights hereunder. Any payments made after maturity or acceleration will not reinstate the Note.

IN WITNESS WHEREOF, the undersigned has signed this Note as of the 22 day of ____FEB____, 2008

BY: _____  
Abraham Leser

BY: _____  
Edith Leser

State of New York, County of __Kings__, ss:

On the 22 day of __Feb__, in the year 2008, before me the undersigned, personally appeared **ABRAHAM LESER**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signatures on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____  
Notary Public

ELUZER D. FOLLMAN  
NOTARY PUBLIC, State of New York  
No. 01FO5078517  
Qualified in Kings County  
Commission expires June ?

State of New York, County of __Kings__, ss:

On the 22 day of __Feb__, in the year 2008, before me the undersigned, personally appeared **EDITH LESER**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signatures on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____  
Notary Public



Capital One, N.A.  
275 Broadhollow Road  
P.O. Box 8914  
Melville, NY 11747

631.844.1000  
capitalonebank.com

April 22, 2009

Abraham Leser  
Edith P. Leser  
1481 47th Street  
Brooklyn, New York 11219-2635

### RE: Extension of Loan #890519978 in the original principal amount of $3,000,000.00 ("the Loan")

Ladies and Gentlemen:

We are pleased to advise Abraham Leser & Edith P. Leser (the "Borrower") that Capital One, N.A. (the "Bank") has granted an extension of the Loan referenced above, upon the terms and conditions described herein.

You confirm to the Bank that as of the date hereof there is now due and outstanding on the Loan evidenced by that Note of the Borrower dated December 7, 2008 ("the Note") the sum of **One Million Four Hundred Thousand and 00/100 ($1,400,000.00) Dollars** in principal, plus accrued interest, **with an availability of Zero Dollars and 00/100** without offset, deduction or counterclaim.

- **Any amounts outstanding shall bear interest, payable monthly in arrears, at the greater of (i) a variable rate per annum equal to the Bank's Prime Rate plus one half of one percent (.50%) as announced from time to time or (ii) six (6.00%) percent per annum, as of the effective date of this Extension Letter.**
- The maturity of the Note is hereby extended to June 7, 2009, when the unpaid principal and accrued interest to date shall be due and payable. All other terms and conditions of the Note not modified herein shall remain in full force and effect.

The following provision shall hereby be incorporated as part of the payments section of the Note with the same effect as if set forth in the body of the Note:

> Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment is to be made under this Note shall be stated to be due on a Saturday, Sunday or a public holiday or the equivalent for banks generally under the applicable federal law and if no applicable federal law exists, then the applicable state law (any other day being a "Business Day"), such payment may be made on the next succeeding Business Day.

Except as hereinabove provided, all of the terms, covenants and provisions of the Note and the other documents in connection therewith and all collateral security given therefore shall continue in full force and effect without modification. This agreement shall not be binding upon the Bank unless and until it is accepted and agreed to by the Borrower and the guarantor.

Abraham Leser & Edith P. Leser
April 22, 2009

As an inducement for the Bank to enter into this agreement, the Borrower hereby represents and warrants as follows:

(a) There are no defenses or offsets to its obligations under the Note or any of the loan documents executed in connection therewith, and if any such defenses or offsets exist without the knowledge of the Borrower, the same are hereby waived.

(b) No event which constitutes an Event of Default nor event which would constitute an event of default whether or not any requirement for the giving of notice, the lapse of time or both has occurred and is continuing under the Note, or any of the loan documents executed in connection therewith.

(c) The amendments set forth herein are limited precisely as written and shall not be deemed to (a) be a consent to or a waiver of any other term or condition of the Note, the Commitment or any of the documents referred to therein, or (b) prejudice any right or rights which the Bank may now have or may have in the future under or in connection with the Note, the Commitment or any documents referred to therein.

(d) **This Agreement is dated as of April 22, 2009 and shall be effective on the date of execution by the Bank retroactive to March 7, 2009.**

The Bank reserves the right to require that a formal extension and modification agreement (the "Extension Agreement") be executed embodying the terms hereof. Your failure to so execute and return the Extension Agreement within five (5) days after receipt by you shall constitute a default hereunder and shall give the Bank the right to declare the unpaid balance of the Loan to be immediately due and payable.

Very truly yours,
CAPITAL ONE, N.A.

BY: _____
Edward B. Docherty
Vice President

Accepted and Agreed to:

BY: _____
Abraham Leser

Date: _____

BY: _____
Edith P. Leser

Date: _____

Abraham Leser & Edith P. Leser
April 22, 2009

State of New York, County of                    , ss:

On the 22nd day of April            , in the year 2009, before me the undersigned, personally appeared **Abraham Leser,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signatures on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

*Chaya Mossberg*
Notary Public

CHAYA MOSSBERG
NOTARY PUBLIC, State of New York
No. 01MO6121936
Qualified in Kings County
Commission Expires Feb. 07, 201_

State of New York, County of                    , ss:

On the 22nd day of April            , in the year 2009, before me the undersigned, personally appeared **Edith P. Leser**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signatures on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

*Chaya Mossberg*
Notary Public

CHAYA MOSSBERG
NOTARY PUBLIC, State of New York
No. 01MO6121936
Qualified in Kings County
Commission Expires Feb. 07, 2013